IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES THAMES,

    Plaintiff,

  v.

GC SERVICES LIMITED PARTNERSHIP,

    Defendant.

No. C-11-3730 MMC

**ORDER DIRECTING DEFENDANT TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE REMANDED**

Before the Court is the Notice of Removal, filed July 29, 2011 by defendant GC Services Limited Partnership ("GC Services"), by which GC Services has removed from the Superior Court a complaint filed in the San Francisco Small Claims Division by plaintiff James Thames, who proceeds pro se.

According to GC Services, the complaint "purports to allege a federal cause of action against [GC Services] for purported violations of the Fair Debt Collections Practice Act" ("FDCPA"). (See Notice of Removal ¶ 4.) The complaint, however, includes no express reference to the FDCPA nor any other federal statute. Nor does it appear from plaintiff's description of his claim that any such reference reasonably can be implied from the face of the complaint.[1] Consequently, it would appear GC Services has not, and cannot, meet its

---

[1] In the complaint, plaintiff describes his claim as follows: "I made proffer to resolve matter of law equitable estoppel remedy requested for injunctive relief as a matter of good cause or faith whichever applicable." (See Compl. ¶ 3.)

burden to establish that plaintiff's complaint presents a federal question.  See <u>Louisville & Nashville Railroad Co. v. Mottley</u>, 211 U.S. 149, 152 (1908) (holding federal question jurisdiction exists "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal] laws or [the] Constitution"); <u>O'Halloran v. University of Washington</u>, 856 F.2d 1375, 1380 (9th Cir. 1988) (holding "party seeking removal has the burden of establishing federal jurisdiction").

Accordingly, GC Services is hereby DIRECTED TO SHOW CAUSE, in writing and not later than August 22, 2011, why the instant complaint should not be remanded, for the reason the Court lacks jurisdiction over plaintiff's complaint.

**IT IS SO ORDERED.**

Dated:  August 12, 2011

MAXINE M. CHESNEY
United States District Judge