IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES THAMES, | No. C-11-3730 MMC |
| Plaintiff, | **ORDER REMANDING COMPLAINT TO STATE COURT** |
| v. | |
| GC SERVICES LIMITED PARTNERSHIP, | |
| Defendant. / | |

Before the Court is defendant GC Services Limited Partnership's ("GC Services") Response, filed August 22, 2011, to the Court's August 12, 2011 order directing GC Services to show cause why plaintiff James Thames's complaint should not be remanded to state court, for lack of subject matter jurisdiction. Having read and considered the Response, the Court rules as follows.

As noted in the Court's August 12, 2011 order, GC Services removed plaintiff's complaint for the asserted reason that the complaint alleges a federal claim, specifically, a claim that GC Services violated the Fair Debt Collections Practice Act" ("FDCPA"). As further noted in the Court's August 12, 2011 order, however, the complaint includes no express reference to the FDCPA or to any other federal law, nor could any federal claim reasonably be implied from plaintiff's description of his claim.

In its Response, GC Services asserts that, according to its "notes," plaintiff has

disputed a debt that GC Services has attempted to collect from him.  (See Response ¶ 3.) GC Services cites no authority providing that where, as here, a complaint does not seek relief under federal law, either expressly or implicitly, the complaint nonetheless is removable based on the defendant's own records.  Indeed, the law is to the contrary.  See Vaden v. Discovery Bank, 556 U.S. 49, 129 S. Ct. 1262, 1272 (2009) (holding federal question jurisdiction exists "only when the plaintiff's statement of his own cause of action shows that it is based upon federal law") (alteration, internal quotation and citation omitted). Moreover, to the extent GC Services may be contending that any dispute involving debt collection necessarily arises under federal law, and, further assuming that plaintiff's complaint can be understood as challenging in some manner GC Service's debt collection practices, GC Services's argument fares no better, because state law provides a cause of action where a debt collector engages in practices prohibited by California law.  See, e.g., Cal. Civil Code § 1788.13 (prohibiting certain "false representations" by debt collectors); Cal. Civil Code § 1788.30 (providing for private cause of action where "debt collector" engages in practices prohibited by California Civil Code).

     Consequently, the Court finds GCS Services has failed to meet its burden to establish subject matter jurisdiction.  See O'Halloran v. University of Washington, 856 F.2d 1375, 1380 (9th Cir. 1988) (holding "party seeking removal has the burden of establishing federal jurisdiction").

     Accordingly, the instant complaint is hereby REMANDED to the Superior Court of California, in and for the County of San Francisco.

     The November 4, 2011 Case Management Conference is VACATED.

     **IT IS SO ORDERED.**

Dated:  August 25, 2011

MAXINE M. CHESNEY
United States District Judge